FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  MAR 30 2018  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHARLES OGBAEGBE,

                Plaintiff,

            v.

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

                Defendant.
------------------------------------------------------------X

**DECISION & ORDER**
16-CV-1882 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Charles Ogbaegbe ("Plaintiff") originally filed this action against New York City Health and Hospitals Corporation ("HHC"), Kings County Hospital Center ("KCHC"), and Sodexo, Inc. ("Sodexo") (collectively, "Defendants") in Supreme Court of the State of New York, County of Kings, alleging, *inter alia*, claims of unlawful discrimination, retaliation, and hostile work environment on the basis of his national origin and gender in the course of his employment. In March 2016, Plaintiff filed an amended complaint which included, for the first time, a federal claim arising under 42 U.S.C. § 1981 against defendant Sodexo. On April 18, 2016, defendant Sodexo, with the consent of the other named defendants, filed a notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446. On February 14, 2017, this Court granted a stipulation and order of dismissal with prejudice by and between Plaintiff and Sodexo, the only named defendant against whom a federal cause of action was asserted. Plaintiff now moves for partial summary judgment as to his claim for unlawful retaliation and HHC[1] now moves for summary judgment as to all remaining claims asserted against it. For the reasons discussed below, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims against HHC, and this action is hereby remanded to state court.

## BACKGROUND

Plaintiff is a resident and domiciliary of the State of New York and HHC is a corporation organized under the laws of the State of New York with its principal place of business at 346 Broadway, New York, New York. First Amended Complaint ("FAC") ¶¶ 5, 7, ECF No. 1-1;

---

[1]    As discussed *infra*, HHC is the only remaining defendant in this action.

1

Civil Cover Sheet, ECF No. 3 (noting Plaintiff's county of residence as Kings County). Plaintiff alleges that on or about December 8, 2008, Plaintiff began working as a dietician at KCHC, which is a member of HHC. FAC ¶¶ 8, 17; Plaintiff's Rule 56.1 Statement of Facts in Support of Plaintiff's Motion for Partial Summary Judgment ("Pls. Facts") ¶ 5, ECF No. 39-2. On or about July 2011, Plaintiff alleges defendant Sodexo took over management of the food and dietary services for KCHC, and Sodexo directly supervised the dietary staff, including Plaintiff. FAC ¶ 20; Pls. Facts ¶ 20. Plaintiff claims he was not advised of any of the new policies or procedures implemented by his new supervisors. Pls. Facts ¶ 28. Plaintiff alleges that "immediately after Sodexo's appointment as contractor for the dietary program, [he] was subjected to a campaign of disparate treatment and harassment on the basis of his gender (male) and national origin (Nigerian)." FAC ¶ 24.

Specifically, on January 5, 2012, Plaintiff received a performance evaluation from two of his supervisors which rated his performance as "Needs Improvement (Below Standard)," and Plaintiff filed an objection to this evaluation on January 20, 2012. Pls. Facts ¶¶ 32, 43; FAC ¶ 32. On March 13, 2012, Plaintiff was issued a request for disciplinary action for allegedly failing to timely turn in productivity logs, among other issues. Pls. Facts ¶ 51. A disciplinary hearing was held on May 2, 2012, and Plaintiff was charged with insubordination, missing deadlines, inappropriate patient care, and failure to submit weekly logs. FAC ¶ 33; Pls. Facts ¶ 53. On June 20, 2012, Plaintiff was issued an additional disciplinary allegation recommending a 20-day suspension, FAC ¶ 37, and on June 26, 2012, Plaintiff received a second negative annual performance review even though only five months had passed since his prior negative review, *id.* ¶ 38. That same day, Plaintiff filed a grievance with his union complaining about the way management was treating him. *Id.* ¶ 39. On August 7, 2012, Plaintiff was escorted off of the

2

KCHC premises by security. *Id.* ¶ 40; Pls. Facts ¶ 73. The next day, Defendants imposed the 20-day suspension that had previously been recommended. FAC ¶ 41. On August 21, 2012, Plaintiff filed a charge with the New York State Division of Human Rights alleging claims of disparate treatment based on gender, national origin, and race. *Id.* ¶ 42; Pls. Facts ¶ 77. Plaintiff returned to work on September 5, 2012, and was terminated on September 19, 2012. FAC ¶¶ 45-46; Pls. Facts ¶ 87. HHC disputes many of Plaintiff's factual assertions and claims Plaintiff was terminated not because of his gender or national origin, but instead because of "well documented performance and productivity issues." HHC Memo in Support of Motion for Summary Judgment at 1, ECF No. 36-1.

Plaintiff asserts the following causes of action: (1) violation of 42 U.S.C. § 1981 against Sodexo, FAC ¶¶ 56-59; (2) national origin and gender discrimination in violation of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Administrative Code § 8-101 *et seq.* against all defendants,[2] FAC ¶¶ 60-65; (3) unlawful retaliation in violation of the NYCHRL, N.Y.C. Administrative Code § 8-107 against HHC and KCHC, FAC ¶¶ 66-73; (4) hostile work environment based upon national origin and gender discrimination in violation of the NYCHRL, N.Y.C. Administrative Code § 8-101 *et seq.* against all defendants, FAC ¶¶ 74-81; (5) unlawful deductions in violation of N.Y. Labor Law § 193 against HHC and KCHC, FAC ¶¶ 82-84; (6) conversion against HHC and KCHC, FAC ¶¶ 85-90; and (7) unjust enrichment against HHC and KCHC, FAC ¶¶ 91-95. In the notice of removal, Plaintiff asserts there is federal jurisdiction because "[t]he Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 . . . in

---

[2] Unlike Plaintiff's other claims, the second and fourth causes of action do not specify against which defendants these claims are asserted; rather, these claims are asserted against "Defendants" generally. *See* FAC ¶¶ 60-65, 74-81. Therefore, the Court construes these claims as originally asserted against all defendants.

3

that federal question jurisdiction exists as Plaintiff's First Amended Complaint is based, in pertinent part, on allegations that Sodexo's conduct violated 42 U.S.C. § 1981," and "[s]ince this Court has original jurisdiction over a federal question, pursuant to 28 U.S.C. § 1367, it also maintains supplemental jurisdiction over Plaintiff's related state law claims." Notice of Removal ¶¶ 5-6, ECF No. 1.

In a letter filed on January 18, 2017, Plaintiff informed this Court that he was withdrawing his fifth cause of action alleging unlawful deductions in violation of N.Y. Labor Law § 193 against HHC and KCHC. Plaintiff's January 18, 2017 Letter at 1, ECF No. 32. That letter also stated Plaintiff's intent to dismiss KCHC from this action because "individual facilities owned and operated by the New York City Health & Hospitals Corporation . . . do not have the capacity to be sued." *Id.* On February 14, 2017, this Court so-ordered a stipulation and order of dismissal with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure by and between Plaintiff and Sodexo. ECF No. 35. On June 6, 2017, Plaintiff moved for partial summary judgment regarding his third cause of action, unlawful retaliation in violation of the NYCHRL,[3] and HHC moved for summary judgment as to all causes of action asserted against it. *See* ECF Nos. 36-41. Plaintiff stated he was also withdrawing his cause of action for gender discrimination in violation of NYCHRL § 8-101 *et seq*. Plaintiff's Memo in Opposition to HHC Motion for Summary Judgment at 1 n.2, ECF No. 37. Plaintiff acknowledges HHC is the only remaining defendant in this action. *Id.* at 1 n.1.

---

[3] Plaintiff initially intended to move for summary judgment on his claims for conversion and unjust enrichment (the sixth and seventh causes of action, respectively), but later requested permission instead to move for summary judgment regarding the third cause of action, unlawful retaliation under the NYCHRL, which the Court granted. *See* Plaintiff's January 18, 2017 Letter at 1.

Accordingly, the following causes of action remain against only HHC: (1) national origin discrimination in violation of the NYCHRL, N.Y.C. Administrative Code § 8-101 *et seq.*; (2) unlawful retaliation in violation of the NYCHRL, N.Y.C. Administrative Code § 8-107; (3) hostile work environment in violation of the NYCHRL, N.Y.C. Administrative Code § 8-101 *et seq.*; (4) conversion; and (5) unjust enrichment.

## DISCUSSION

### I. Applicable Law

Title 28, section 1367 of the U.S. Code provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The Supplemental Jurisdiction statute, 28 U.S.C. § 1367, enables federal district courts to entertain claims not otherwise within their adjudicatory authority when those claims 'are so related to claims . . . within [federal-court competence] that they form part of the same case or controversy.'" *Artis v. Dist. of Columbia*, 138 S. Ct. 594, 597 (2018) (quoting 28 U.S.C. § 1367(a)). "For purposes of section 1367(a), claims form part of the same case or controversy if they derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 254 (2d Cir. 2011) (quotation marks and citation omitted). "Included within this supplemental jurisdiction are state claims brought along with federal claims arising from the same episode." *Artis*, 138 S. Ct. at 597.

Subsection (c) of § 1367 sets forth situations in which a district court "may decline to exercise supplemental jurisdiction over a claim." 28 U.S.C. § 1367(c). Specifically, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection

5

(a) if . . . (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* "The exercise of supplemental jurisdiction is within the sound discretion of the district court. Courts 'consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise' supplemental jurisdiction." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117-18 (2d Cir. 2013) (citing and quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988)).

Furthermore, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 n.7; *Artis*, 138 S. Ct. at 597-98 ("When district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims." (citing 28 U.S.C. § 1367(c)(3))); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004) ("[O]ur Court has held, as a general proposition, that if [all] federal claims are dismissed *before trial* . . . the state claims should be dismissed as well." (quotation marks and citations omitted)); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (quoting *Cohill*, 484 U.S. at 350 n.7); *Schiffman v. Epstein*, 04-CV-2661, 2009 WL 1787760, at *7 (S.D.N.Y. June 23, 2009) (Robinson, J.) ("The strong preference in this Circuit is for district courts to decline to exercise supplemental jurisdiction under § 1367(c)(3) when all of the federal claims are dismissed from the suit prior to trial." (citation omitted)); *see also* 16 *Moore's Federal Practice* § 106.66 (3d ed. 2018).

## II. Application

The only claim giving rise to federal subject matter jurisdiction in this action is Plaintiff's claim pursuant to 42 U.S.C. § 1981, which was asserted only against Sodexo.[4] *See* Notice of Removal ¶ 5; FAC ¶¶ 56-59; Sodexo's November 4, 2016 Letter at 1 n.2, ECF No. 24 (stating Plaintiff's § 1981 claim "is asserted only against Sodexo"). As stated *supra*, the § 1981 claim was dismissed on February 14, 2017, pursuant to a stipulation and order of dismissal. ECF No. 35. Plaintiff's remaining claims against HHC are for violations of the NYCHRL, which is Title 8 of the Administrative Code of the City of New York, and for conversion and unjust enrichment, both of which are state tort law claims.[5] Accordingly, there is no claim remaining in this action over which this Court has original jurisdiction.

Given the pre-trial procedural posture of this action and considering the other factors described above, consistent with Supreme Court and Second Circuit guidance, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining NYCHRL and state law claims against HHC. *See, e.g.*, *Robbins v. City of N.Y.*, 254 F. Supp. 3d 434, 438 (E.D.N.Y. 2017) (Cogan, J.) (declining to exercise supplemental jurisdiction over state law claims after dismissal of the sole federal claim because of "the relatively early stage of the case," the lack of extensive litigation in the federal forum, and the Court's lack of familiarity with the particular theories and claims in the case); *de Hernandez v. Lutheran Med. Ctr.*, 01-CV-6730, 2002 WL 31102638, at *1-2 (E.D.N.Y. Sept. 11, 2002) (Gleeson, J.) (exercising discretion in remanding

---

[4] Because Plaintiff is a citizen of New York and HHC is a New York corporation with its principal office in New York, *see* FAC ¶¶ 5, 7, complete diversity is lacking and there is no basis for this Court to exercise diversity jurisdiction over this action. In any event, diversity jurisdiction has not been asserted as a basis for subject matter jurisdiction by any party.

[5] Plaintiff acknowledges that his claims for conversion and unjust enrichment are state law claims. *See* Plaintiff's November 10, 2016 Letter at 3, ECF No. 28.

7

action to state court when the plaintiff had voluntarily dismissed, before trial, the only claim supporting federal jurisdiction pursuant to § 1367(c)(3)).

This Court has neither issued any decisions regarding the merits of Plaintiff's claims nor spent substantial time overseeing this litigation. *Compare Miller Aviation v. Milwaukee Cty. Bd. of Supervisors*, 273 F.3d 722, 731-32 (7th Cir. 2001) (finding district court abused its discretion in declining to exercise supplemental jurisdiction and in remanding state law claims to state court where, over a five-year period, "[t]he judicial resources expended by the district court [were] considerable" and included "consider[ing] 22 motions, [holding] 9 hearings, and issu[ing] 19 orders, including the 71-page decision" that was on appeal), *with RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479-82 (7th Cir. 2012) (distinguishing *Miller Aviation* and finding no abuse of discretion where district court remanded state law claims because, despite having issued 45 orders and having held 35 hearings, only one of the district court's decisions was substantive and the case had been in federal court for just over fifteen months). Furthermore, while federal courts sometimes exercise supplemental jurisdiction to prevent plaintiffs from forum shopping by voluntarily dismissing all federal claims, there is nothing to indicate bad faith here. State court was also Plaintiff's forum of choice, a factor that deserves some consideration. *See de Hernandez*, 2002 WL 31102638, at *2. Finally, pursuant to § 1367(d), the statute of limitations as to any claims over which the Court has supplemental jurisdiction is tolled "while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d); *Artis*, 138 S. Ct. at 598 (clarifying that "§ 1367(d)'s

8

instruction to 'toll' a state limitations period means to hold it in abeyance, *i.e.*, to stop the clock," rather than merely providing a 30-day grace period to refile in state court).

## CONCLUSION

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims, and this case is remanded to Supreme Court of the State of New York, County of Kings, for further proceedings.[6] The Clerk of Court is respectfully directed to terminate the pending motions and close the case in this Court.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2018
       Brooklyn, New York

---

[6] Although 28 U.S.C. § 1447(c) is not applicable here because the Court does not lack subject matter jurisdiction—rather, the Court is declining to exercise jurisdiction pursuant to § 1367(c)(3)—the Supreme Court has nonetheless held that district courts have discretion to remand removed claims rather than dismiss without prejudice in this situation. *Cohill*, 484 U.S. at 356-57; *see also Robbins*, 254 F. Supp. 3d at 438-39 ("Notwithstanding the absence of any authorizing language in the statute, the Supreme Court held in [*Cohill*] that district courts have discretion to remand removed state law claims, rather than dismiss them without prejudice, when the court determines not to exercise supplemental (then called 'pendent') jurisdiction.").